JOSEPH D. SPICER v. RACHEL R. BOICE ET AL.

Argued February 21, 1901—Decided June 10, 1901.

The defendants maintained in the shed of their lumberyard a stairway, resting at its foot, with a bearing of only two and a half inches, upon the outer edge of an elevated platform composed of hemlock planks, two inches thick and a foot wide, supported by projecting beams. The stringers were placed so that one of the beams, upon which met two of the planks of the outer line of the platform, came between them. As the plaintiff (a customer) and defendants' manager were descending the stairway, these planks split off under their weight and the stairway fell twelve feet to the ground. The plaintiff sued to recover for personal injuries sustained by the

fall. It was proved there were old "checks" along the line of the break. *Held*, that it was negligent to maintain such stairway, without proper inspection, notwithstanding that it had been originally constructed (five years before) by reputable carpenters employed for the purpose.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *Craig A. Marsh.*

For the defendants, *George Holmes* and *Richard V. Lindabury.*

The opinion of the court was delivered by

COLLINS, J. The defendants were dealers in lumber and coal in the city of Plainfield. On April 12th, 1900, the plaintiff visited their premises for the purpose of buying lumber. He was taken to the upper part of a shed, whence, not finding there what was wanted, the manager conducted him to an open stairway leading to a lower level in the shed, where it was thought it would be found. As the two were descending the stairs fell. This action was brought to recover compensation for the injuries sustained by the plaintiff.

The stairs had been built for the defendants in 1895, by a firm of carpenters employed for the purpose. They had two side pieces or stringers, about nineteen feet long, set about three feet apart, carrying eighteen steps or treads, held in place by cleats nailed underneath to the stringers. At the top the stringers rested against the beams of a trestle used to run railroad cars into the lumber shed; at the bottom they had no other support than the outer edge of a platform resting on projecting beams about six inches square, which platform was about twelve feet above the ground, and had been previously built to afford access to lumber stored at that level. The stringers were notched at the bottom so as to overlap the platform about two and a half inches. They were placed

about equi-distant from one of the platform beams, upon which met the ends of two of the outer line of planks of the platform. The cause of the falling of the stairs was the splitting off of the planks on which the stringers rested. These planks were of hemlock, one foot wide and two inches thick, and it was proved that there were old "checks" along some parts of the break. The defendants urge that as the stairs were built for them by reputable carpenters they ought not to be held liable for defects in their construction. The fatal defect was in the foundation, or rather in the lack of a proper foundation; and it is to be presumed that the carpenters placed the stairs where directed by the defendants, or someone representing them. The real ground of liability is a failure to use due care in the maintenance of the structure. The defendants could not help but see the frailty of the foundation, and if the permitting of the use by their customers of an elevated stairway resting merely on the outer edges of hemlock planks twelve feet above the ground was justifiable at all, it was only so by taking care that the planks continued sound and strong. The shed was covered, and there was no reason to anticipate decay from sun and rain; but it must have been known to lumber dealers that hemlock planks are always liable to checks, and proper inspection would have disclosed those imperfections. In excuse for not perceiving them it is said that the bottom tread of the stairs was quite near the planks, which were partly hidden by a riser underneath this tread; but if this fact rendered ineffective the casual observation possible in the ordinary use of the stairway, an inspection that would be effective was all the more imperative. We think that the jury was entirely justified in finding the defendants liable to the plaintiff for lack of reasonable care for the safety of their customers. This court has already declared it to be the duty of the owners of a building to use reasonable care that it shall be safe for those who are in it upon their invitation. *Klapproth* v. *Baltic Pier and Pavilion Co.,* 43 *Atl. Rep.* 981.

The damages awarded were $15,395, of which only $395 can be accounted for by disbursements. The plaintiff was

sixty-six years of age. His physical injuries were painful, and, to some extent, are permanent, but, while they have impaired, they have not destroyed any function or faculty. Until April 1st, 1900, he had been engaged in the sash and blind business with a partner, receiving for his personal services $100 a month. The profits of the business were, as he states, about a thousand dollars a year. On April 1st, 1900, he had bought out his partner and was conducting the business alone. He still continues it, but has to rely more upon his foreman than he otherwise would do.

We think that the damages awarded were excessive. If the plaintiff will remit $7,500 the verdict may stand; otherwise the rule to show cause will be made absolute.